Good morning to others. May it please the Court. My name is Charles Sharpley, and I represent a company called Kum Tat Limited. If possible, we would like to reserve 5 minutes to rebuttal. On this appeal, Kum Tat asked the Court to reverse two orders of the District Court. The first is the District Court's order expunging Kum Tat's last pendants. The second is the District Court's order denying Kum Tat's motion to compel arbitration. I know we've raised some jurisdictional issues, but not the first one. Explain to me, even if we have jurisdiction over the appeal generally, why we would have jurisdiction to reverse the order expunging the first pendants. So, Charles, you would have jurisdiction on one of two bases. The first would be pendent appellate jurisdiction. You would have pendent appellate jurisdiction that under-striped the accommodate clause. Actually, that's the discretionary jurisdiction. Yes, Your Honor. Okay. Yes. But the standard is met. The standard under-striped the implicit feeling, because on the main case, your argument is the judge erred by not sending you to arbitration. I know, Your Honor. That's not correct. We're arguing that the judge erred because he held that the reviewer approved clause was in a met condition. I said that when you get to the grounds, your appeal was in order of denying arbitration. Yes, Your Honor. Okay. So the relief you seek is to be sent to arbitration. Yes, Your Honor. Okay. That's quite different, isn't it, than whether or not there was a sufficient basis behind your, this pendence to allow it to remain. The judge under this pendence said, I've hooked the claim, and you don't really have a very good one. You're not likely to win, and therefore, I'm expunging the list pendence. That's quite different from whether you're entitled to arbitration, isn't it? Superficially, Your Honor, but not actually, because what the judge said in both orders was that there's no enforceable contract. And the grounds on which the court ruled were identical. The court held that the reviewer approved clause was in a met condition precedent in both orders. And I'll let the court ask you another thing. What is your basis for the jurisdiction in this court that was laid out to me? For the arbitration. Why do we have jurisdiction? Your Honor, the answer is the same. You have jurisdiction on those two cases. You have jurisdiction of the arbitration order under 9 U.S.C. 16. Do you think, ultimately, the thing you seek from us, do you ask from us to send this case to arbitration? That's correct, Your Honor. But if the court sends the case to arbitration, it necessarily resolves the expungement order as well. Does the arbitrator have any power to respond to the list pendence? The arbitrator may not, Your Honor, but you do. No, no. So did the district judge. My question is different. So I'd like to know, where does our jurisdictions flow from or stem from? Well, on the arbitration order, Your Honor, it flows from 9 U.S.C. section 16. You also have discretion to, et cetera. You don't claim that this case applies to the federal organization, is that correct? That's correct, Your Honor. So if we don't have a jurisdiction under the Federal Arbitration Act, how do we possibly have jurisdiction as a federal court? As the 5th Circuit held in the Western Security Bank case, Your Honor, and as the 10th Circuit held in Conrad, the court could acquire jurisdiction in one of two ways. First, as the Court of the Case, the movement of the code may have explicitly referenced Section 3 or Section 4 of Title IX in its motion papers. Alternatively, though, Your Honor, as the court held in both cases, if it appears to the court that it sought its arbitration, and solely arbitration, that is, arbitration on a judicial remedy, then the court can take jurisdiction of an obligatory appeal, even if the code of law is not referenced. I think part of the difficulty with that, if you look at 9 U.S.C. Section 16, it talks about appealing from an order denying an application under Section 206 of this title to compel arbitration. So it appears to me that whatever you could have alleged, unless it actually did allege a federal right to arbitration, I'm not sure why you'd give that formulary. Well, Your Honor, I believe that the court held in Western Security Bank that certainly one way to get there was to actually allege a motion under Section 3 or Section 4 or under Section 206. No, of course not, Your Honor. But the point of the case of Western Security, as I understand it in Congress as well, was that if you don't do that, but you do seek solely relief that would be available under the FAA, that is, arbitration and not any judicial remedy, that the court can assume jurisdiction. So for a second, you're correct in what you say. What do we do with a party that says, that disclaims seeking or conflicting with federal arbitration? You're looking at your motion for state penalty appeal, and you're trying to distinguish the Britain case. In the first sentence, it says, Britain was a case brought under the Federal Arbitration Act. In contrast, how does motion to compel arbitration was made pursuant to deciding California law, and its appeal from denying that motion is taken pursuant to California law. We don't have jurisdiction under California statutes. I was going to say, the other thing I would point to is your own motion to compel arbitration, which starts at the very beginning of the argument by saying California law governs. That is your entire pitch, it seems to be, in the underlying motion. Your Honor, I cannot disagree with that. I wouldn't have characterized it as a pitch, but the fact was that we had to move under California law because the arbitration petition in question mandated the application of California law. I'm saying, even if that's true, later on in the motion for state, disclaim reliance on the Federal Arbitration Act is that that case can't control, because that one was brought under the Federal Arbitration Act. We're moving under California law, and I suspect there may be good reason for that. I'm not sure on the merits that this contract is subject to the Federal Act. In any event, since it involves real estate, put that aside. That's a merits question. It's a question that we have to get to if we had appellate jurisdiction. But once you say, I want the Federal Act, I only want the California Act, how is your appeal brought under the Federal Act? Your Honor, that's the 10th Circuit's opinion. Now, the 10th Circuit said if you're silent and the case appears on its face to fit within the Federal Act, then you are exercised jurisdiction. You are silent. You are adamant. I don't believe so. You said that you were not filing under the Federal Arbitration Act. We did not say that. That's absolutely correct. That's what we said. All right. No, no, you are absolutely correct, Your Honor. You are required by the arbitration. Thank you for that. Now, look, if you're not filing under the Federal Arbitration Act, thank you for that answer. All our research indicates that all the surgeons that have looked at this, the 3rd, 7th, 10th, have all felt that we lack jurisdiction to hear appeals from a motion filed under state law to compel arbitration. You are filing under California law to compel arbitration. Now, it does seem to me, QED, you're out of court, but tell me why I'm wrong. To ground you, Your Honor, one of the things that you're wrong, Your Honor, the first is that neither Western Security Bank nor Conrad required any reference to the Arbitration Act. It's true that in both cases, Collins was silent as to the basis of the court's jurisdiction. But doesn't that make a big difference? Because if you're silent, and you just say, we want to arbitrate, you have to draw the inference in favor of moving party and in favor of jurisdiction. So if it's possible, you can construe silence that way. But here, you weren't silent. You said state law, state law, state law. And so I don't know how we can reconstrue that. Well, let me make one more point about that. As far as silence is concerned, the intention of the movement in Conrad, there wasn't even a motion to compel arbitration. There wasn't even a motion to stay. It was a motion to dismiss under Rule 12. So I would submit, Your Honor, that we're ahead of the movement in Conrad because at least here, we did move to compel arbitration and moved to stay after judicial proceedings pending arbitration through under state law and not under the FAA. But let me just say, Your Honor, that if the court declines to accept jurisdiction under Section 16, the court has discretion to take jurisdiction of this case as a petition to rid of Matt Davis. I think that the common factors are that, and I would have to discuss that if the court would like. And I would urge the court to do that because sending this back to the district court for a motion for summary judgment and a final order seems like postponed since the day the grievance was heard. But one of my concerns with that is you're the one who's going to stay and appeal. This would have been all over. The district judge was pretty clear about what he was going to do, right? Yes, Your Honor. He was going to grant summary judgment against you and it was very clear. If you had not gotten a stay pending appeal, you'd have, by any stretch of the imagination, a perfectly appealable order. I'm not sure the common factors come into play when the emergency is caused by you staying in action for two years. Well, Your Honor, I think that I have to take issue with that. I think that certainly we are prejudiced by being forced to go back and litigate and that is a form of prejudice that under Miller v. Cammie cannot be resolved by a subsequent appeal. We do not have a present right to direct appeal so that those are the first two common factors, the third being that the district court clearly erred. Tell us why we took you off track on that. Tell us why you think the court was wrong on the merits of its refusal to issue arbitration. In a nutshell, Your Honor, the court was wrong because it failed to consider the actual terms agreed to by the party in a couple of specific ways. What the court thought was that the review and approval... I mean, straight up review. So I've got a problem when you start talking about the terms the parties agreed to. From my reading of this, maybe I'm being too candid, but I don't see the contract. The parties don't have a contract. How could the district court have erred in concluding that there was a contract when there never was a meeting of the minds of the key element of the matter to quit the case? Your Honor, I think that there are numerous cases, including Henry Seidrath's in which there was some phrasal contingency in the court element. Of course, parties agree on the price initially, as we did here, but after the contingency is removed, in that case, the phrasal contingency here and the plural contingency, the parties naturally may renegotiate a price. If you didn't agree on a price, you agreed on a conditional price and the conditions that you met, and therefore, there was never an agreement. Your Honor, we agreed on a conditional price subject to a procedure, to a negotiation procedure that we spelled out in the contract in great detail that would enable the parties to reach the agreement if there was a request for a price reduction. If there was a request for a price reduction, $500,000. Fairly substantial price reduction, $500,000. In the context of $40 million, it's... To me, it's real money. It's half a million bucks. And the other side said, no, thank you. We're done. Were they required to accept your number? Yes, they were. They were absolutely required. No, they were not to accept, Your Honor, but to negotiate, just like you did. But they did negotiate.  they would have had to negotiate for however long it had been. In our six days, or my other six days, Judge, paragraph 21B of the agreement provided that if one of the parties, the buyer specifically, made a request for a correction or that facilitated any action not already agreed to, there was a defined process to resolving that. The inspection clause. No, Your Honor, that's paragraph 21B, which says that if such a request was made, any action is permitted. Right. You can ask for anything. And so the procedure that was to be followed was that the seller had three days in which to decide whether to accept or reject the request. If the seller accepted the request, the buyer was obligated to remove the contingency. If the seller rejected the request, the buyer had the option of waiving the contingency or serving a notice of cancellation. The procedure was plainly set out, and the right of Crom-Tot to request that price correction was also plainly set out, as was Crom-Tot's right to review and approve every matter that had an impact on the value or the desirability of the property so that when the district court held that there was an unmet condition precedent or that the contract was not sufficiently specific, it failed to take into account that we had the right to review and approve and the right to request a correction. And your position is that paragraph 21b applies to this, to the inclusion and exclusion list? So the inclusion and exclusion list is merely a subset of the approval contingency set out in 14a. We understand your position. We asked you a lot of questions. We will give you a minute for a follow-up at the time. I'm sorry about that. Go ahead. Please support. My name is Jeffrey Thorup. I represent the MLE. I have two things that I'd like to cover. One is the supplemental briefing on your jurisdiction, and the other is this completely separate issue of the pendant jurisdiction, or the pendant jurisdiction issue. First, with respect to the supplemental briefing, you had requested that we address three cases, the Tenth Circuit case in KCON, the Third Circuit case in Airport Express, and the Seventh Circuit case in Sherwood. In our supplemental briefing, we really focused on that Tenth Circuit case, KCON, and we made the argument that that case controls, and when you apply the reasoning in KCON in this case, it shows that there's no jurisdiction. Well, what if they did something in there in regards to arbitration? What if they simply said, we want arbitration? And the court said, no. Would there be appellate jurisdiction here? Well, that's an interesting question. Give me an interesting answer. And it is because it goes back to CONRAD, the Tenth Circuit case, including CONRAD. With respect, yes or no? Well, under CONRAD, I think there's a two-part test. One is you look at the motion, what it's called, and you're saying under that first prong of CONRAD... We demand arbitration. And there is no way to analyze it. So I think that you go to the second prong of CONRAD, and that says you look at the essential attributes of the motion. And I think that's what you do in that case. You look at the essential attributes of the motion. Does this motion really seek relief under the FAA? Or does this motion seek relief under the state statute? I think that's how you resolve it. Now, in this case, I'll get back to my original question. In this case, had they been silent, would we have jurisdiction? No, because you look at the essential attributes. And the essential attributes in this case is that they proceeded under state law, the California Arbitration Act, 100%. Everything they said in their motion referred to... Well, let me say this. The motion was silent. That's where I'm having some difficulties. So they just filed a motion that said, we want arbitration. We want arbitration. We're not telling you which act we're seeking. Okay, so would this be one where we would have jurisdiction? So under your hypothetical, you can't really answer the first prong or the second prong in your contract. And then a district judge is sitting there, and there's been a request for arbitration, and the district judge needs to decide, okay, how am I going to analyze this? If the district judge analyzes it, whether or not you're entitled to arbitration under the terms of the contract, the district judge makes a decision, correct or incorrect, it now comes up to us. There's a notice of appeal. The question is, do we have jurisdiction under the federal arbitration under those circumstances, where the movement was entirely silent about whether he was seeking it under state or federal law.  Define the judge, the district judge sitting there. What I do is I say... No, wait a minute. The district judge has no decision as to whether or not we have the appellant jurisdiction. The district judge, for whatever reason, grants or denies the motion. It now comes to us. That's the entire record, so you don't get to make up more facts. Okay. We're trying to figure out if we have jurisdiction. Do we have jurisdiction or not? The answer is, if you determine, if the Ninth Circuit determines that the FAA can apply because there's interstate commerce, the answer is yes. Okay. I think you first have to determine that there's interstate commerce because if there is interstate commerce, the FAA can't apply. Now, let's... I don't want to use up too much of your time, but let me go to the next question, because it's a more important one. Let's assume they move under the California Acts, but they don't disclaim why it's unfair. And the judge turns them down, and they appeal to us. And both are the products of Conrad, are they not? Do we have jurisdiction? Under that hypothetical, I think it's uncertain. I don't know. What is your response to the argument that, regardless, we should consider whether a petition for mandamus should be entertained as an alternative reading of the request for what is from this court? I just don't think that it helps advance the cause because I think before the district court, there had been discussions about how this case could get resolved to the final judgment. And the discussions among counsel and the judge were, by the way, the summary judgment motion. And in those discussions, everyone agreed, and I think the district judge wrote, in one of the flip-flops in his order, denying the motion to compel arbitration that the parties believed that a summary judgment could lead to the final decision in the case. So why shouldn't that happen? Somebody appealed, right? Presumably your opponent, because the judge is so intent on where it's going. And then two years later, you'll be back in front of the three of us making the same arguments on the merits of the arbitration over that where we encourage to us as a gang to put aside whether or not that one can get there. Wouldn't it be better getting an answer today when the three of us have been waiting two years to see if we still remember your case? No, I don't think so. Because in the record right now, there really wasn't sufficient evidence in the way there would be in connection with the motions for summary judgment. So when the motions for summary judgment are filed, there's going to be evidence in it, and it's going to be more evidence. And we don't know. I think when counsel and the district judge talked about this, I think there was an assumption that perhaps there won't be a question of fact, but we don't know that. There's all this evidence that's going to be submitted, and there may be a question of fact arising out of that in this punitive contract. There apparently is a clause that says that any dispute shall be submitted to arbitration. Is that correct? Correct. What arbitration, where, and under what circumstances does it invoke the Federal Arbitration Act provisions? Does it mention federal arbitration? Can you tell us about that? No. And the significance of that in this one, the significance of the specific arbitration provision in this case is that it specifically says that the California Arbitration Act dictates whether it's subject to arbitration. So it just basically displays the federal act in favor of the California Act. Correct. And the significance of that is that if the appellant were able to approve that contract, that contract clearly says the California Arbitration Act applies to whether there is arbitration and whether there's going to be a state arbitration. It specifically says that. And so you can't have jurisdiction by way of an interlocutory appeal because of that. Even if the appellant got everything they wanted, then you wouldn't have jurisdiction on an interlocutory appeal. And there's a section 21B of the punitive contract. Does it apply to this kind of dispute? That's the request for repairs. Request for repairs. Oh, yeah, yeah. But it clearly says not repairs. You are under action. I don't even need to look at it because the answer's no, but there's not. And it doesn't because that provision doesn't say anything about what property is included and is not included in the contract. It talks about the property that is part of the contract. There's no dispute over that issue. The dispute is, OK, if there's a contract, what property is included or what property is excluded? But in that, your friend has nothing to do with that. There are two versions of this situation. There's the punitive terms. And your colleague's version and his version is what the parties had agreed on a contract. A contract had been formed. A contract existed. A consideration had been agreed upon. The only thing that had been left for a resolution by the parties was the matter of personal property. What put in and what did not. And then the contract clearly provided the mechanism for a resolution and a dispute on that point. He tells us that because things changed in U.A. and he doesn't say that we're not included in anything, but the date was so extreme that the parties disagreed to a point of $500,000. And that, given that dispute, the matter should have been resolved under the terms of the contract. What is your answer to those generic arguments? My answer is, when you look at the facts that we've laid out and I think the district court in its statement of the facts in the order denying the motion to compel really lays out the facts very accurately. But when you look at the record that we've submitted on the facts, that is not borne out. And it isn't borne out because of the emails that went back and forth that are part of that. And the emails that we get from the contract gets before at the time they say a contract was made and then for several days after. Because several days after, the parties are exchanging information about this various personal property. And when you look at that, including those emails, it's very clear that there was no meeting of the mind. Both the emails by the Appellant's agent and the emails by the Alley's agent show that there was no meeting of the mind. And I think that's very clear. And that shows that that's not the case. I won't go into the details, but we've laid it out. A lot of that is laid out in the district court's statement on the facts as well. OK, let me get back to the supplemental briefing on your jurisdiction. I had laid out why we think that KCOM applies. And it applies. And the rest of them applies. Well, a lot of them. Why I think that you should rely on that finding that you do not have jurisdiction. In the other two cases, American, or Airborne Express. The Airborne Express and Sherwood cases, I didn't pay as much attention to those. Because I did KCOM. I spent most of my time on KCOM. Airborne Express and Sherwood, I think, are interesting, though, because they really show an application of that two-prong test in Conrad. They don't really talk about it, but they both do the same thing. They reach a different result, but they're both consistent with that Conrad two-prong test. In Airborne Express, the moving party will throw arbitration under both the FAA and under Washington law. And the Third Circuit said, well, we think we have jurisdiction on this appeal. Because even though the exemption means that the FAA must apply, the moving party can sign arbitration under the FAA. So if you have either Mary v. Schwarzenegger, and Mary v. Schwarzenegger says that there's two root factors, clear error is likely, that factor becomes dispositive as the Ninth Circuit uses it. And by which I'm sure it was in these first courses, why has the District Court decided clear error from your perspective, not from the policing counsel's perspective? Well, I don't think it's. I think the District Court's decision was correct. I think it was correct. Don't you think? Yes. And in the Sherwood case, which is the Seventh Circuit case, the court said that there was no jurisdiction. But that's where the moving party had sought arbitration under the Illinois arbitration statute only. And so I think those two cases are consistent with the Conrad test. In our supplemental briefing, I had a very unclear, and I think incorrect, statement of the holding in Airborne Express. And so I'm going to file a letter that withdraws that, because it's just inaccurate. And I don't want you to file that. You may do that. And your time has expired. Thank you. Mr. Sharkey, I'll give you a minute to go back. Thank you, Your Honor. Let me suggest a basis on which this court can, I think, publicly find that the district court engaged in a legal error. On May 12, 2014, Compton made an offer to purchase this property. On May 21, the Knox counteroffered. On May 25, Compton responded with its own counteroffer. On May 27, the Knox accepted that counteroffer, thereby forming a contract for the sale of this property for $41 million, including a defined categories of personal property, all artwork and all personal accessories to be excluded, all furniture and all decorative items to be included, subject to Compton's approval of an actual list of that property. Compton thereby had the right to ratify this contract up until the very end when it chose not to. 50 years of Supreme Court jurisprudence teaches that where a party has the right to ratify a contract, that contract is an exploitable contract that must be sent to the arbitrator. It is not for the district court to decide the validity of the exploitable contract. That's the holdings of the court of David Bain. That was the holdings of the court in Buckeye, Chakashian v. Navadena, and all of the holdings in between. This was an exploitable contract, not a contract that was void up. In this year, it was not attacked on any of the making grounds through set-out it did not want in Buckeye or in the court's decisions in Sanford or Three Rivers. In all of those cases, the issue was whether the signatories had the authority to sign it or whether it was, in fact, even signed in Sanford. None of those issues appear here. So to say that there is no contract, well, that's fine, but that's a decision for the arbitrator under Drama Bain for Buckeye. Thank you. The case is starting to submit. We appreciate very much the arguments from both counsel.
judges: Lucero, Graber, Hurwitz